THE STATE OF MISSOURI, Respondent, v. SAMUEL WARREN, Appellant.

Kansas City Court of Appeals, April 9, 1894.

1. **Criminal Law:** AFFRAY: INDICTMENT. An indictment for an affray that charges that it occurred "in a certain public road and highway" is sufficient, as the court will take notice that a public road and highway is a public place.

2. ———: ———: TERROR OF THE PEOPLE: INSTRUCTION. To constitute an affray the acts charged must have been done to the terror and disturbance of others, and the jury should be so instructed as well as that they must be done in a public place.

3. ———: ———: WILLFUL MISCHIEF: INSTRUCTION. Doing willful mischief may be one of the elements of an affray under the statute, but when not charged in the indictment, the jury should not be instructed in regard thereto.

4. **Evidence:** IMPEACHMENT OF WITNESS: INFAMOUS CRIME. The former conviction of a witness for a public offense is not admissible in evidence to impeach his credibility unless the record shows the offense was an infamous crime.

5. ———: ———: RECORD: FELONIOUS ASSAULT. The court can not take notice of the words "felonious assault," placed by the clerk to the right of the style of case, and if it could, there are many widely different assaults that might be termed felonies, and all statutory felonies may not be infamous crimes.

*Appeal from the Harrison Circuit Court.*—HON. PARIS C. STEPP, Judge.

REVERSED AND REMANDED.

*Sallee & Goodman* for appellant.

(1) The first instruction given for the state is erroneous for two reasons: *First.* It omits a constituent part of the offense, in that it does not require the acts to be done in such manner as to terrify or disturb others. R. S. 1889, p. 900, sec. 3760. *Second.* It submits for the consideration of the jury a state of facts not charged in the indictment, in that it authorizes the jury to find the defendant guilty if the parties "did each other any willful mischief by violence;" something not hinted at in the indictment. *Third.* With regard to the first objection, the error is not cured by the giving of a correct instruction at the instance of defendant. Where an instruction incorrectly declares the law the vice is not cured by correct instructions given at the request of the opposite party. *Jones v. Talbot*, 4 Mo. 279; *State v. Herrell*, 97 Mo. 105; *State v. Nally*, 87 Mo. 644; *State v. Simms*, 68 Mo. 305; *State v. Mitchell*, 64 Mo. 191; *Gay v. Gillilan*, 92 Mo. 250; *State v. Jackson*, 95 Mo. 623, loc. cit. 658; *Frederick v. Allgaier*, 88 Mo. 598; *Thomas v. Babb*, 45 Mo. 384; *Buddenburg v. Trans. Co.*, 108 Mo. 394; *Bluedorn v. Railroad*, 108 Mo. 439. (2) The first instruction is also obnoxious to the charge of submitting to the jury an issue not raised by the pleadings. This has been held reversible error in the following cases: *Bank v. Murdock*, 62 Mo. 70; *State v. Nanert*, 2 Mo. App. 295; *Fairgrieve v. Moberly*, 29 Mo. App. 141; *Melvin v. Railroad*, 89 Mo. 106; *Kinney v. Railroad*, 70 Mo. 252; *Rothschild v. Frensdorf*, 21 Mo. App. 318; *Wade v. Hardy*, 75 Mo. 394; *Ely v. Railroad*, 77 Mo. 34; *Currier v. Lowe*, 32 Mo. 203; *Waddingham v. Hulett*, 95 Mo. 528; *Camp v. Heelan*, 4 Mo. 591. (3) The admission against the objections of defendant of his conviction of

an offense punishable by fine was manifest error. *State v. Taylor*, 98 Mo. 240; *Ex parte Wilson*, 114 U. S. 417; *Mackin v. United States*, 117 U. S. 348. (4) The indictment is bad. It does not pursue the language of the statute, nor does it charge that the offense was committed in a public place. R. S. 1889, p. 900, sec. 3760. A public road is not of necessity a public place.

*S. C. Price* and *J. C. Wilson* for respondent.

(1) Instructions must be read and considered together; and when, if so considered, they properly declare the law, they are not objectionable. *State v. Noeninger*, 108 Mo. 166; *Fugate v. Miller*, 109 Mo. 290; *State v. Miller*, 111 Mo. 542; *State v. Wilcox*, 111 Mo. 569; *State v. Wheeler*, 108 Mo. 658; *State v. Jackson*, 99 Mo. 62; *People v. Clark*, 84 Cal. 573; *Territory v. Evans*, 17 Pac. Rep. 139; *Williams v. State*, 3 S. Rep. 743; *Woodson v. State*, 6 S. W. Rep. 184; *Skates v. State*, 1 S. Rep. 843; *Spies v. People*, 122 Ill. 865; *People v. Dimick*, 14 N. E. Rep. 178. (2) A defendant is not entitled to a new trial for error in an instruction when it is clear that the verdict is right. *Miller v. State*, 29 Pac. Rep. 136; *Habel v. State*, 13 S. W. Rep. 1001; *Ballard v. State*, 12 S. Rep. 865. (3) An erroneous instruction should not work a reversal if, upon a view of the whole case, it could not have prejudiced the defendant. *State v. Miller*, *supra*. (4) An affray is defined by our statute; and the statutory definition must prevail over the common law definition as given by text writers. Revised Statutes, 1889, sec. 3760. (5) When a defendant in a criminal case offers himself as a witness in his own behalf he may be impeached as any other witness, and for this purpose the record of a former conviction of a felony may be

given in evidence. R. S. 1889, sec. 4218. *State v. Rider*, 90 Mo. 54; *State v. Nelson*, 98 Mo. 414; *State v. Bulla*, 89 Mo. 595; *State v. Palmer*, 88 Mo. 568; *State v. Taylor*, 98 Mo. 240; *State v. Loehr*, 93 Mo. 103; *State v. Kelsoe*, 76 Mo. 505; *State v. Crow*, 107 Mo. 341. (6) A felony is an offense for which the offender, on conviction, is liable to be punished by death or imprisonment in the penitentiary; and the fact that it may be punished by a fine or jail sentence does not rob it of its felonious character. R. S. 1889, sec. 3973. *Johnson v. State*, 7 Mo. 183; *State v. Green*, 66 Mo. 631; *State v. Reeves*, 97 Mo. 668; *State v. Clayton*, 100 Mo. 516. (7) The omission from the indictment of an allegation that the public highway was a public place, is not such a defect as tended to prejudice the substantial rights of the defendant upon the merits. At most it is only a formal defect, and is not a material defect such as can be objected to for the first time in the appellate court. R. S., sec. 4115; *State v. Trott*, 36 Mo. App. 29; *State v. Billings*, 72 Mo. 662; *State v. Townsend*, 50 Mo. App. 690.

ELLISON, J.—The defendant was indicted and convicted for an affray under section 3760, Revised Statutes, 1889.

The indictment charges that defendant and one Charles Epperson "on the twenty-first day of May, A. D. 1892, at the said county of Harrison, in a certain public road and highway, there situate, did then and there voluntarily and unlawfully engage in a fight with each other, and did then and there use blows and violence towards each other, in an angry manner, to the terror and disturbance of the people then and there being, against the peace and dignity of the state."

It will be noticed that the charge of place is "a certain public road and highway." The statute reads,

"in any public place;" and upon this defendant makes an objection to the indictment. We think the objection unsound. The court will take notice that a public road and highway, is a public place. The allegation may be in the language of the statute "that the place was public, or it may set out facts making .it so in point of law." 2 Bishop, Crim, Proc., sec. 19.

The court gave for the state, over the protest of the defendant, instruction number 2, to which counsel now object as omitting essential elements of the crime as charged, viz: that the acts charged must have been done to the terror and disturbance of others. This objection is well taken. By omitting this from the instruction, the jury was authorized to find the defendant guilty of this offense without regard to the matter omitted, which is an essential element in this particular offense.

Objection is also made to the third instruction for the state, in that it authorizes a conviction without reference to whether the acts were committed at a public place, or whether the acts were committed to the terror and disturbance of others. And that both this and the first instruction have coupled an ingredient to the offense which is not charged in the indictment, in this, that it submits to the jury the hypothesis of the parties charged having done "each other any willful mischief by violence." This element, though found in the statute, was not a part of the charge going to make up this offense as set out in the indictment. These objections were well taken.

The defendant was a witness in his own behalf. For the purpose of impeaching his credibility the state offered in evidence a record of a former conviction of him. The admissibility of this evidence under the decision of the supreme court in State v. Taylor, 98 Mo. 240, depends upon whether the conviction was of an

infamous crime as that term is known to the law in reference to its effect upon persons offered as witnesses. The record here fails to show us of what crime the defendant was convicted, and we are hence unable to say whether it was an infamous crime, which, as we have stated, it must be under the decision aforesaid, in order to be admissible. The record before us only shows a verdict finding "the defendant guilty" and assessing "his punishment at a fine of $150," and a judgment on the verdict. We have nothing before us to show of what crime he was found guilty. It is true that in styling the case on the record the clerk of the court has chosen to place the words, "Felonious assault" to the right of the style of the case. But if we could notice this at all, we would yet be uninformed of what sort of assault. There are a great many assaults of widely different nature that might be termed felonies. It may not follow that all crimes which our statute has called felonious, by reason of the punishment which may be assessed, are *infamous* crimes as known to the law. The record as presented, should not have been admitted.

Judgment reversed and cause remanded. All concur.