The State v. Bulla.

THE STATE v. BULLA, *Appellant.*

1. **Criminal Law**: PRACTICE: DEFENDANT AS WITNESS. Where a defendant in a criminal prosecution is examined in his own behalf, he may be impeached as any other witness, except that on his cross-examination he can only be inquired of as to such matters as he has testified to in his examination in chief.

2. ———— : EVIDENCE: CHARACTER. Where the defendant in a criminal case testifies in his own behalf, witnesses may be examined as to his general moral character, but they should not be allowed to testify as to single acts of moral delinquency.

3. ———— : RECEIVING STOLEN PROPERTY : PRESUMPTION. Recent possession of stolen property by one charged with receiving it, knowing it to have been stolen, raises no presumption that he knew that it had been stolen.

*Appeal from Buchanan Criminal Court.*—HON. SILAS
WOODSON, Judge.

REVERSED.

*Ramey & Brown* for appellant.

(1)   The issue of character raised by the testimony
introduced by the defendant, was as to defendant's
character for truth and honesty, up to and before the
time the offence charged in the indictment was claimed
to have been committed, and the court should not have
permitted the prosecution to inquire as to defendant's
moral character, and to bring that inquiry down to the
time of the trial, and, thereby, prove habits of drinking
too much, and running after women.   3 Greenleaf's Ev.,
sec. 25 ; 1 Greenleaf's Ev., sec. 55 ; *State v. Creson,* 38
Mo. 373.   The state will not be permitted to charge a
man with an offence and in that way break his character
down and then prove that, since filing the indictment,
his character is bad.   *Hoag v. Cooley,* 33 Kas. 387.   It
cannot be claimed that this testimony was competent for
the purpose of discrediting the defendant.   It was in-
troduced before the defendant was sworn as a witness,
and its admission may, in the opinion of the defendant,
have rendered it necessary for him to testify.   (2) Under
section 1918, Revised Statutes, the cross-examination in
a criminal case must be confined to matters testified to
in defendant's examination in chief.   The defendant
gave no evidence in his examination in chief ; in fact,
did not refer in any way to the matters covered by the
ten questions asked him in his cross-examination, and
all the answers to said questions that defendant was
forced to give, were wholly foreign to the matters spoken
of by him in his examination in chief.   *State v. Porter,*
75 Mo. 171 ; *State v. McGraw,* 74 Mo. 573 ; *State v. Tur·*

*ner,* 76 Mo. 350; *Dunbier v. Day,* 12 Neb. 597.
(3) Defendant's fourth instruction should have been
given. Defendant was charged in the second count of
the indictment, with receiving the horse, knowing it to
have been stolen. He did not deny having the horse in
his possession, and under the law his possession must
be regarded as innocent. And possession itself, without
·evidence tending to show guilty knowledge, could have
no tendency to establish his guilt. *Durant v. People,*
13 Mich. 350; *Ray v. Pratt,* 4 F. & F. 315; *Jupitz v.
People,* 34 Ill. 516; 2 Bishop Crim. Proc. sec. 989. A
presumption of guilty knowledge from the naked fact of
·possession of a horse cannot arise, unless the connection
between possession and guilty knowledge is so general
·and universal that the law itself can infer the one
fact from the existence of the other. 1 Greenleaf Ev.,
sec. 33. Hundreds of horses are annually stolen in this
·country, and they are sold and delivered generally to
innocent purchasers, who would stand in open-eyed won-
·der if told that, by a presumption of law, they were
felons, so readily do horses pass from hand to hand, that
it is the exception when you find a man who has traded
:at all, through whose hands a stolen horse has not
passed, unknown to him; but he has nevertheless been
in possession of it. Experience has shown and does con-
·tinue to show that there is no connection between pos-
·session of a stolen horse by a person himself, not the
thief, and guilty knowledge; and the law does not pre-
sume guilty knowledge from the naked fact of possession,
but requires proof of that essential fact. 2 Bishop Cr.
Law, sec. 1138, and cases cited; Roscoe's Crim. Ev., 876;
*Jupitz v. People, supra.* And the possession is not
even sufficient to corroborate the testimony of the prin-
·cipal felon or an accomplice. Wharton's Crim. Law,
sec. 1888, and cases cited.

*B. G. Boone,* Attorney General, for the state.

There was no error in permitting the state, in the

first instance, to introduce evidence that the general moral character of defendant was bad. *State v. Grant,* 79 Mo. 113; *State v. Palmer,* 88 Mo. 568. The prosecution did not, in the cross-examination of defendant, violate the prohibitions of section 1918, Revised Statutes. This section expressly provides that he may be contradicted or impeached as any other witness in the case. The testimony of defendant dees not disclose that this cross-examination was extended beyond that in chief. If so, it was as to matters so trivial that it will not justify a reversal. *State v. Douglass,* 81 Mo. 235. I am not satisfied that reversible error was not committed by the court below in declining, under the evidence and circumstances of this case, to give the defendant's fourth instruction, and, therefore, cannot urge the court to approve its refusal.

NORTON, J.—The defendant was tried in the criminal court of Buchanan county on an indictment containing two counts, in the first of which he is charged with grand larceny in stealing a horse belonging to one Sampson, and in the second of which he is charged with receiving stolen property, knowing it to have been stolen. Defendant was acquitted on the first, and convicted on the second count, and from the judgment of conviction has appealed to this court.

I.    It appears from the record that on the trial defendant offered himself as a witness, and was examined, and the state was then, over defendant's objection, allowed to introduce and examine witnesses touching his general moral character. There was no error in this. Where a defendant criminally charged is examined in his own behalf, he may be impeached as any other witness, except that on his cross-examination, he can only be enquired of as to such matters as he has testified to in his examination in chief. *State v. Palmer,* 88 Mo. 568; *State v. Grant,* 79 Mo. 113; *State v. Clinton,* 67

Mo. 380. As the cause, for a reason yet to be given, must be remanded, in view of the latitude allowed in the cross-examination of defendant and the witnesses who testified as to his general moral character, it may be well to remark, that in the re-trial, the cross-examination of defendant, should he again become a witness, should be confined to such matters as he may testify to. in chief, and that the witnesses, as to character, should not be allowed to testify as to single acts of moral delinquency.

II. The material error committed by the court was in the refusal of the following instruction:

"4. Unless the jury believe, from all the evidence, beyond a reasonable doubt, that the defendant bought or received the horse, mentioned in the indictment, from some other person, knowing said horse to have been stolen, they will find him not guilty as charged in the second count of the indictment, and the mere naked fact of the possession of said horse by the defendant raises no presumption that the defendant knew that said horse had been stolen by another."

In view of the fact which the record discloses, that, in the first count of the indictment, defendant was charged with grand larceny in stealing the property, and the further fact that the court, with reference to this count, had properly instructed the jury that possession of stolen property recently after the theft, raised the presumption that the possessor was the thief, and in view of the further fact that defendant was charged in the second count, on which he was convicted, with receiving stolen property, knowing it to be stolen, we are of the opinion that the above instruction ought to have been given. While it is well settled in this state that the possession by a person of stolen property recently after the theft, raises a presumption that he stole it, we have never gone so far as to intimate that recent possession of stolen property, by a person who is charged with receiving stolen property, knowing it to be stolen, raises

a presumption that he had knowledge that it was stolen, but on the contrary, we are of the opinion that in such case no such presumption is to be indulged in.

Under the circumstances of this case, the instruction asked for was not a mere abstraction, having no practical application to the facts, and it was error to refuse it, and for this error the judgment will be reversed and cause remanded.    All concur.