The State v. Taylor.

THE STATE v. TAYLOR, *Appellant.*

1. **Practice, Criminal:** ATTORNEY ASSISTING PROSECUTING ATTORNEY: OPENING STATEMENT. An attorney other than the prosecuting attorney or his assistant may make the opening statement in a criminal prosecution, and may assist in the trial, although the prosecuting attorney and his assistant are present, and it is not necessary that he be sworn for that purpose.

2. —————: EVIDENCE: IMPEACHMENT OF DEFENDANT WITNESS: EVIDENCE OF CONVICTION OF MISDEMEANOR. The credibility of a defendant in a criminal case, who offers himself as a witness, cannot be impeached by proof of a prior conviction of an offense not infamous, and in such case it is error to admit the record of his conviction of a violation of a city ordinance prohibiting the frequenting of a bawdy house.

The State v. Taylor.

3. ———: REMARKS OF COUNSEL: APPELLATE PRACTICE. Where remarks of counsel, complained of as objectionable, are not set forth in the bill of exceptions, and were not objected to at the time, and no ruling of the court upon them asked for or made, the appellate court will not review the objection.

*Appeal from St. Louis Criminal Court.*—HON. J. C. NORMILE, Judge.

REVERSED AND REMANDED.

*D. H. McIntyre* for appellant.

(1) The court erred in permitting Presley N. Jones to make the opening statement to the jury and conduct the prosecution, the circuit attorney and his assistant not being interested and not having been of counsel for defendant or the prosecuting witness, and neither being absent or sick. R. S. 1879, secs. 513, 518, 519, 522 and 1908; *County v. Clay*, 4 Mo. 562; *State v. Honig*, 78 Mo. 249. It was also error to refuse to require Mr. Jones to be sworn to conduct the prosecution fairly and impartially. Sec. 6, art. 14, Con. 1875. (2) The court should not have permitted the prosecution to read in evidence the record of the defendant's conviction on charge of violating ordinance fourteen thousand of the city of St. Louis, for the purpose of affecting defendant's credibility as a witness. Defendant had been pardoned and the said record was thereby rendered irrelevant and immaterial. *Ex parte Garland*, 4 Wall. 333; *U. S. v. Klein*, 14 Wall. 128; *Jones v. Board*, 56 Miss. 766; *State v. Foley*, 15 Nev. 64; *Leyman v. Latimer*, 3 Exch. D. 15. (3) It was error to refuse to allow defendant to read in evidence his pardon of the offense the record of which had been read by the prosecution for the purpose of affecting defendant's credibility as a witness. Whart. Crim. Pl. and Pr., secs. 523, 524; *Ex parte Garland*, 4 Wall. 333; *U. S. v. Klein*, 13 Wall. 128; *Jones v. Board*, 56 Miss. 766; *State v. Foley*, 15 Nev. 64; *Leyman v. Latimer*, 3 Exch. D. 15.

VOL. 98—16

(4) The statement made by Mr. Jones that defendant was a pimp was unsupported by the slightest evidence, was calculated to prejudice defendant's case, and was gross misconduct on the part of one pretending to act in the place of the public prosecutor. *State v. Mahly*, 68 Mo. 315 ; *State v. Lee*, 66 Mo. 167 ; *Ritter v. Bank*, 87 Mo. 574 ; *State v. Leabo*, 89 Mo. 247 ; *Miller v. Dunlap*, 22 Mo. App. 97 ; *Gibson v. Zeibig*, 24 Mo. App. 65.

*John M. Wood*, Attorney General, for the State.

(1) Defendant having offered himself as a witness, it was competent for the state to introduce the original papers and record of his conviction in the police court for the purpose of affecting his credibility. *State v. Kelsoe*, 76 Mo. 505, and authorities cited ; *State v. Clinton*, 67 Mo. 370 ; 1 Greenl. Ev., secs. 457–460. And there is nothing in the objection that they were not authenticated. They were the original docket and papers, proven to be so by the clerk to whose custody they belonged. 1 Greenl. Ev., sec. 513. (2) The pardon offered to be introduced by defendant was subsequent to the commission of the offense for which he was on trial. It had not the effect to restore to him his credibility as a witness, and was properly excluded by the court because of immateriality and irrelevancy. *Curtis v. Cochran*, 50 N. H. 242 ; *U. S. v. Jones*, 2 Wheeler's Crim. Cases, 451. (3) There was no error in permitting Mr. Jones, an attorney of the bar, to assist in the prosecution or to make the closing address. *State v. Sweeney*, 93 Mo. 38 ; *State v. Griffin*, 87 Mo. 608 ; *State v. Hamilton*, 55 Mo. 520 ; *State v. Stark*, 72 Mo. 37. (4) The remarks of counsel for the state in his closing argument, aside from being warranted by the evidence and the remarks and conduct of defendant's counsel, were not of such a character as to constitute grounds for reversal. *State v. Zumbunson*, 86 Mo. 111 ; *State v. Emory*, 79 Mo. 461.

BRACE, J.—The defendant was tried, convicted and sentenced to the penitentiary for three years, in the criminal court of St. Louis ·on an indictment for assault with intent to kill.

Presley N. Jones, an enrolled member of the bar of that court, was permitted, over the objection of the defendant, to make the opening statement, and to assist in the prosecution of the case, the prosecuting attorney and his assistant both being present and able to conduct the same, and the action of the court in this behalf is assigned for error.

I. This point must be ruled against the defendant on the authority of *State v. Robb*, 90 Mo. 30 ; *State v. Stark*, 72 Mo. 37, and *State v. Hamilton*, 55 Mo. 520. There is no conflict between the ruling in these cases and that in the case of *State v. Honig*, 78 Mo. 249. The only point of practice ruled in the latter case was that if the counsel for the prosecution waived the opening, he should not be permitted to make the closing argument to the jury.

II. After the objection to Mr. Jones making the opening statement had been overruled, the defendant moved the court that if Mr. Jones be permitted to prosecute, he be sworn to do the same fairly and impartially and without fear and impartiality and without fear, favor or prejudice. This motion the court overruled and its action in so doing is also assigned as error, and it is insisted here that the court should have required Mr. Jones to be sworn under section 6, article 14, of the constitution. It is a sufficient answer to this position to say, that the permission of the court to Mr. Jones to prosecute did not constitute or commission him an officer of the state, and that we know of no law organic or statutory, nor yet any practice of court authorizing or requiring an oath to be administered to an attorney under such circumstances.

III.   After the defendant had testified in his own behalf, the state was permitted, over the objection of the defendant, to introduce in evidence the original record of defendant's conviction of the violation of a city ordinance in frequenting a bawdy house.   On the trial of one for a criminal offense, it is not permissible to show in evidence that the defendant has been guilty of another and independent crime, totally disconnected from the one for which he is on trial.   When, however, the defendant goes upon the stand as a witness in his own behalf, his credibility may be impeached to the same extent and in the same manner as any other witness, except that he cannot be cross-examined as to any matter not referred to by him in chief.   *State v. Bulla*, 89 Mo. 595 ; *State v. Palmer*, 88 Mo. 568; *State v. Clinton*, 67 Mo. 381.   Under the statute prior to the revision of 1879, persons convicted of arson, burglary, robbery or larceny in any degree or any felony were declared incompetent to be sworn as a witness.   G. S. 1865, p. 791, sec. 66.   This disqualification was omitted from the revision of 1879, and since conviction of an infamous crime did not render a witness incompetent, but in two cases that have come to this court, it has been held that such conviction ( for larceny ) might be given in evidence to affect the credibility of the witness. *State v. Kelsoe*, 76 Mo. 507 ; *State v. Loehr*, 93 Mo. 103. These cases however are not authority for the introduction of evidence of a conviction of a mere misdemeanor not infamous at common law or ever declared to be so by statute.   The general moral character of one who has been convicted of an infamous crime may well be considered so degraded as that but little credit ought to be given to his testimony, but it is not necessarily so of one who has been convicted of a mere misdemeanor, or the violation of a city ordinance.   That conviction for such offenses cannot be given in evidence to impeach the credibility of a witness, has been held by the courts of

other states in which the disqualification to testify arising from the conviction of an infamous offense has been removed expressly by statute, but provision made that such conviction might be shown in order to affect credibility. *Coble v. State*, 31 Ohio St., 100 ; *Glenn v. Clore*, 42 Ind. 60. And it is not perceived why the same conclusion should not be reached here, where the admissibility of such evidence has been reached by construction.

By a long line of decisions in this state, it is established that evidence of bad general moral character may be given in impeachment of a witness. This rule is invariably coupled however with the qualification that single and particular instances of moral delinquency cannot be shown. *State v. Shields*, 13 Mo. 236; *Seymour v. Farrell*, 51 Mo. 95 ; *State v. Hamilton*, 55 Mo. 520 ; *State v. Breeden*, 58 Mo. 507 ; *State v. Clinton*, *supra ; State v. Miller*, 71 Mo. 590 ; *State v. Grant*, 79 Mo. 133 ; *State v. Bulla*, 89 Mo. 595. Conviction of an infamous crime tends to show a depraved and corrupt nature, a bad general moral character. Conviction of a penal offense not infamous may be consistent with a character generally good or bad. The former is admissible in evidence, the latter not, in impeachment of a witness' credit. The court erred in not sustaining the defendant's objection to the introduction of the record of his conviction of a violation of the city ordinance. This conclusion renders it unnecessary to consider the error assigned on the refusal of the court to permit the defendant to introduce the pardon of the mayor for the offense.

IV. It is recited in the bill of exceptions that Mr. Jones, in making the closing argument, denounced defendant as a pimp, and this is assigned for error. The language used by the counsel is not set forth. It does not appear that objection was made to any language he did use, nor was the attention of the court

called to it, or any ruling asked for, or made by the court in regard to it. There is consequently nothing before us to review upon this assignment.

For the error before noted, the judgment will be reversed and cause remanded for a new trial. All concur except SHERWOOD, J., absent, and BARCLAY, J., who dissents.