STATE OF MISSOURI, Respondent, v. T. S. MANNING, Appellant.

St. Louis Court of Appeals, January 29, 1901.

1. **Criminal Law:** INDICTMENT: CRIMINAL PLEADING. Where a registered and practicing physician was indicted under section 3050, Revised Statutes 1899, and the indictment charges that the prescription was issued on the fourth day of June, 1899, that it was issued to Ed. Spencer and that it was for intoxicating liquors, it was sufficient notice to the defendant of the very prescription he was charged with illegally issuing.

State v. Manning.

2. ———: EVIDENCE: DEFENDANT AS WITNESS: IMPEACH-MENT OF DEFENDANT. Evidence of a former conviction of crime is not admissible for the purpose of discrediting a witness, unless the conviction was an offense which the law denounces as infamous.

3. ———: ———: ———: CRIMINAL PROCEDURE. And the proof of a conviction of such an offense to impeach a witness, may be made in three ways: First, by the record of conviction; second, by a certified copy of the record if out of the county where the trial was had; or, third, by the witness himself on cross-examination.

4. ———: ———: ———. In the case at bar, it was error to admit proof of the former conviction of defendant of issuing an unlawful prescription for the purpose of discrediting him as a witness.

Appeal from Audrain Circuit Court.—*Hon. E. M. Hughes,* Judge.

REVERSED AND REMANDED.

*P. H. Cullen* and *W. W. Botts* for appellant.

The court erred in permitting the State to show that the defendant had previously been convicted of a similar offense. Such an offense was not infamous—did not disqualify at common law, and hence can not be shown under our code of procedure. State v. Smith, 125 Mo. 2; State v. Donnelly, 130 Mo. 642; Gardner v. Railroad, 135 Mo. 97; State v. Dyer, 139 Mo. 213; State v. Grant, 144 Mo. 65.

*R. D. Rodgers* for respondent.

(1) As to point 4 in appellant's brief, section 4680, Revised Statutes 1899, is as follows: "Any person who has been convicted of a criminal offense is, notwithstanding, a competent witness; but the conviction may be proved to affect his credibility, either by the record or his own cross-examination,

upon which he must answer any question relevant to that inquiry, and the party cross-examining shall not be concluded by his answer." (2) Appellant was a witness in the case and testified in his own behalf. Had he been convicted of a criminal offense? If he had, then, under the statute above quoted, such conviction of a criminal offense could be shown either by the record of his conviction or his own cross-examination. (3) What is a "criminal offense" as the term is used in section 4680? Let the statutes of Missouri answer. Section 2396 (R. S. 1899) is as follows: "The terms 'crime,' 'offense,' and 'criminal offense' when used in this or any other statute shall·be construed to mean any offense, as well misdemeanor as felony; for which any ·punishment by imprisonment· or fine, or both, may by law be inflicted." (4) That the Legislature never intended the phrase, "criminal offense," as used in section 4680 (R. S. 1899), to mean only such offenses as disqualified at common law—such offenses as were infamous at common law—is made plain when sections 4680, 2396 and 2394 are read together. The latter section shows that when "infamous crime" is meant the phrase "infamous crime" is used. Said section is as follows: "Whenever the term 'infamous crime' is used in this or any other statute, it shall be construed as including every offense for which the offender, on conviction or sentence, is declared to be disqualified or rendered incompetent to be a witness or juror, or to vote at any election, or to hold any office of honor, profit or trust within this State." (5) The defendant admitted on his cross-examination that within two years preceding he had been convicted, in the court where he was then testifying, of the offense of issuing a prescription unlawfully for intoxicating liquor. It was admitted that defendant was a practicing physician in Audrain county. Section 3050 made the act of unlawfully issuing a prescription a misdemeanor and punished it by a fine of not less than $40 nor more than $200.

State v. Manning.

BLAND, P. J.—Appellant, a regular registered and practicing physician was indicted for a violation of the provisions of section 3050, Revised Statutes 1899. He was duly put upon trial and convicted and sentenced to pay a fine of $40. To reverse this sentence he has appealed to this court.

I. The first assignment of error goes to the sufficiency of the description of the prescription charged to have been issued by defendant to enable the party to whom it was issued to obtain intoxicating liquors. The indictment charges that the prescription was issued on the fourth day of June, 1899, that it was issued to one Ed. Spencer and that it was for intoxicating liquors. This was sufficient to give notice to the defendant of the very prescription he was charged with illegally issuing. What is said in the indictment in respect to the want of knowledge on the part of the grand jury as an excuse for a fuller description of the prescription may be treated as surplusage.

II. The defendant was a witness in his own behalf. On his cross-examination this question was propounded to him, "If he had not been convicted in this court of issuing an unlawful prescription for intoxicating liquors." Over the objection of his counsel it was ruled by the court that he should answer the question. His answer was in the affirmative. His examination in chief furnished no foundation for the question, but the respondent contends that the question was allowable under the provisions of section 4680, Revised Statutes 1899, which is as follows: "Any person who has been convicted of a criminal offense is, notwithstanding, a competent witness; but the conviction may be proved to affect his credibility, either by the record or his own cross-examination, upon which he must answer any question relevant to that inquiry, and

Vol 87 app—6

the party cross-examining shall not be concluded by his answer."

It is well-settled law, that evidence of a former conviction of crime is not admissible for the purpose of discrediting a witness unless the conviction was of an offense which the law denounces as infamous. State v. Grant, 144 Mo. 56; State v. Taylor, 98 Mo. 240; Gamer v. Railroad, 135 Mo. 90; State v. Donnelly, 130 Mo. 642; Deer v. State, 14 Mo. 384; State v. Warren, 57 Mo. App. 502. The proof of a conviction of such an offense to impeach a witness, may be made in three ways; first, by the record of the conviction, second by a certified copy of the record, if out of the county where the trial is had; or, third, by the witness himself on cross-examination. State v. Miller, 100 Mo. 606; State v. Layton, 118 Mo. 153.

In State v. Grant, supra (decided after the taking effect of section 4680), it was ruled that evidence that the defendant had been convicted of the unlawful sale of liquors, was not permissible for the purpose of discrediting him. The section (4680), is not mentioned in the opinion of the court, but from this circumstance alone we are not to infer that it escaped the attention of the court. We would not be warranted in drawing such an inference unless it clearly and indubitably appeared that the decision is opposed to the statute. It does not so appear. All that can be made of the act, in respect to the impeachment of a defendant in a criminal case testifying in his own behalf, is that it is declaratory of the general rule as announced in State v. Miller, and State v. Taylor, supra. The contention of respondent that the statute is broad enough to cover all cases of whatever character, is opposed to both reason and justice. Should such a construction be given the statute, we would have this inequality of the law as to impeaching witnesses, viz.: it would be competent to discredit the defendant, should he testify, by showing he had been convicted of a

crime not infamous, but as to all other witnesses in the case, such testimony would be incompetent for the purpose of discrediting them. Conviction of a penal offense not infamous is not necessarily inconsistent with a good moral character, and hence, proof of conviction of such an offense does not impeach the general moral character of the one convicted. State v. Taylor, supra.

When a defendant testifies in his own behalf, he, as to impeachment, occupies the same attitude as any other witness in the case. State v. Parker, 96 Mo. 382; State v. Riden, 95 Mo. 474; State v. Smith, 125 Mo. 2; State v. Beaty, 25 Mo. 214. And it is not competent to change his attitude in this respect to discredit him by proof of a conviction of a penal offense, which would be incompetent for that purpose as to any other witness.

Section 4680 makes no such discrimination—attempts no such class legislation—and it was error to admit proof of the former conviction of defendant of issuing an unlawful prescription for the purpose of discrediting him as a witness, for which error the judgment is reversed and the cause remanded. All concur.