# THE STATE v. BLITZ, Appellant.

## Division Two, February 3, 1903.

1. **Preponderance of Evidence:** APPELLATE PRACTICE. Where there was ample evidence upon which to base the verdict, although it was conflicting, the appellate court will not usurp the province of the jury and undertake to say on which side the evidence preponderated.

2. **Continuance:** APPLICATION. An application for a continuance must comply strictly with the statute.

3. ———: ———: ABSENT WITNESSES. An application for a continuance which does not state the facts the applicant expects to prove by the absent witnesses, is not sufficient to authorize a continuance.

4. ———: ———: GROUNDS FOR OVERRULING. There is no rule of law requiring the trial judge to give all his reasons for overruling an application for a continuance, nor is there any rule that, if the court gives one reason for its ruling, others may not be urged in support thereof. And because the court denied a party a continuance on the ground that his application did not show sufficient diligence, it will not be held that, if the application is sufficient in that respect, it was error to overrule it.

5. ———: DENIED BY REGULAR JUDGE: NO RENEWAL BEFORE TRIAL JUDGE: WAIVER. Where an application for a continuance was presented to the regular judge and was overruled, and is not renewed before another judge who has been called in to try the case, and the cause proceeds to trial without any objection in respect thereto, the applicant waives any error committed by the regular judge in overruling it.

6. **Change of Venue:** NOTICE: SUFFICIENCY: HOW DETERMINED. It devolves upon the court to determine the question of reasonable notice from the existing facts surrounding the case at the time the application for a change of venue is made. And in determining the sufficiency of those facts appellate courts will not close their eyes upon the disclosures in a record which indicate that the applicant is attempting to use the provisions of the statute to obstruct the fair and impartial administration of the law.

7. ———: ———: CASE STATED. The cause was called for trial before the regular judge October 25th, and after overruling an application for a continuance then filed, he requested the judge of

State v. Blitz.

another circuit to try the case, and when he appeared and called the case defendant had disappeared, his recognizance was forfeited, he was rearrested, and after a week's delay his case was called again on November 1st, and one of his attorneys asked that the case be postponed for a week on the ground that he was engaged in another case, and announced, in the presence of the other attorney and the defendant, that if the postponement were granted the case would then be tried, but at that time the other attorney had in his hands an application for a change of venue, notice of which had the day previously been served on the prosecuting attorney. Defendant's affidavit shows that his knowledge came to him after October 26th. *Held*, that the court did not err in overruling the application for a lack of timely notice.

8. Evidence: INQUIRY AS TO CONVICTION OF MISDEMEANOR. Under the statute of 1895 (sec. 4680, R. S. 1899), a former conviction of a witness of fighting, keeping or frequenting bawdy-houses, or of any other misdemeanor, is admissible in evidence for the purpose of impeaching such witness, whether he be the defendant or any other witness. (Overruling on this point, State v. Prendible, 165 Mo. 329; State v. Grant, 144 Mo. 56; and State v. Manning, 87 Mo. App. 78, as being in conflict with the statute, and refusing to follow State v. Donnelly, 130 Mo. 642; State v. Smith, 125 Mo. 2; and State v. Taylor, 98 Mo. 240, as being no authority since the enactment of the statute.)

9. ————: ————: WHAT IS A "CRIMINAL OFFENSE?" The statute (sec. 2396, R. S. 1899) says that "the term 'crime,' 'offense' and 'criminal offense' when used in this or any other statute, shall be construed to mean any offense, as well misdemeanor as felony, for which any punishment by imprisonment or fine, or both, may by law be inflicted." And, therefore, it must be held that the statute of 1895 (sec. 4680, R. S. 1899), which says that "any person who has been convicted of a criminal offense is, notwithstanding, a competent witness; but the conviction may be proved to affect his credibility, either by the record or by his own cross-examination," was meant to reverse the long-established rule of law which theretofore made the conviction of a witness only of a felony or petit larceny admissible for the purpose of impeachment.

10. ————: STATEMENTS MADE AT ARREST. Statements made to the officer by defendant at the time of his arrest are not competent evidence in his own behalf.

11. ————: FLIGHT. Testimony that defendant failed to appear at the trial and that his recognizance was forfeited for that reason, if it tends to show flight, is ordinarily admissible.

Appeal from Jackson Criminal Court.—*Hon. Samuel Davis,* Special Judge.

AFFIRMED.

*W. Rea Heath* and *James W. Garner* for appellant.

The court erred in overruling defendant's application for a continuance. The application showed due diligence. R. S. 1899, sec. 2600; State v. Warden, 94 Mo. 649; State v. Dewitt, 152 Mo. 76; State v. Bradley, 90 Mo. 160. The court should have heard evidence in support of defendant's application for a change of venue. R. S. 1899, sec. 2576; State v. Bohannon, 76 Mo. 562. If the evidence establishes the causes alleged in the petition for a change of venue the court should have ordered the change. State v. Hudspeth, 150 Mo. 22; State v. Goddard, 146 Mo. 177. In determining as to whether reasonable notice of the application for a change of venue was given, the court should take under consideration all of the existing facts. Reed v. State, 11 Mo. 380; Golden v. State, 13 Mo. 417; State v. Crable, 46 Mo. 252. Evidence of misdemeanors, such as fighting, frequenting bawdy houses, being in adultery, etc., is not admissible to impeach a witness. State v. Manning, 87 Mo. App. 81; State v. Donnelly, 130 Mo. 642; State v. Prendible, 165 Mo. 329; State v. Smith, 125 Mo. 2; State v. Taylor, 98 Mo. 240.

*Edward C. Crow,* Attorney-General and *Sam B. Jeffries,* Assistant Attorney-General for the State.

(1) The application for a continuance does not follow the language of the statute for the reason that it does not state that defendant believed the facts therein stated to be true. This is imperative. Sec. 2600, R. S. 1899; State v. Howard, 117 Mo. 307; State v. Alred, 115 Mo. 471; State v. Good, 132 Mo. 114; State v. Underwood, 76 Mo. 630; State v. Wilson, 85 Mo. 134; State v. Bryant, 93 Mo. 273. An application must fully cover all requirements of the statute. It must be more carefully drawn than pleadings. State v. Good, 132 Mo. 114; State v. Pagels, 92 Mo. 300. No presumptions are indulged in favor of applications for a continuance; on

the contrary, every reasonable presumption is indulged in behalf of the action of the trial court when it refuses a continuance. State v. Howell, 117 Mo. 311; State v. Whitton, 68 Mo. 91; State v. Ward, 74 Mo. 253; State v. Wilson, 85 Mo. 134; State v. Stein, 115 Mo. 474; State v. Gamble, 108 Mo. 500. (2) The court will observe from the conduct of defendant's counsel the full and only purpose had in presenting the application for change of venue was to secure a continuance. They had notified counsel for the State but a few hours beforehand and then did not present the motion till after the court had overruled the application for a continuance. The statute provides that reasonable previous notice of the application shall be given the prosecuting attorney. In this instance defendant is not shown to have given such notice in a reasonable time and the court was warranted in so holding. Sec. 2576, R. S. 1899; State v. Hudspeth, 150 Mo. 72. (3) Evidence of immoral conduct is admissible as tending to discredit the witness. This position is supported by the authorities cited by defendant in his brief. State v. Manning, 87 Mo. App. 83; State v. Taylor, 98 Mo. 245. Evidence of a general character which is inconsistent with good moral character, is admissible to discredit the witness. State v. Donnelly, 130 Mo. 651; State v. Smith, 125 Mo. 2.

FOX, J.—At the September term,1901, in the criminal court of Jackson county, Missouri, H. S. Hadley, prosecuting attorney, filed an information charging defendant, in connection with Ladd and Mullet, with grand larceny. As there is no assault made upon the information, there is no necessity for incumbering this opinion with a copy of it. The case was called for trial on October 25, 1901. The defendant then filed his motion and affidavit for a continuance, which was by the court overruled. The cause was continued to November 1, 1901. At that time, the cause was called for trial before Hon. Samuel Davis, the regular judge having been disqualified. Defendant presented his application for a change of venue, which was overruled, on the

ground of the insufficiency of notice of the presentation of such application. Defendant was put upon his trial, which resulted in his conviction, his punishment being fixed at five years in the penitentiary. From the judgment of conviction, this appeal is prosecuted to this court.

The larceny is alleged to have been committed on August 26, 1901, by stealing three hundred and twenty dollars from one William Hall, who was a resident of Osceola, St. Clair county, Missouri, the offense being committed on the Board of Trade at Kansas City.

It appears that on the day in question the prosecuting witness, Hall, went to the stockyards in Kansas City, Kansas, and collected from two commission houses the amount of money which was afterwards taken from him. He had been with the defendant the night before, having met him on Ninth street, between the Junction and the Savoy Hotel. Prior to this, he had never seen him.

After Hall had been to the stockyards and collected the money he went to the Board of Trade where he met the several defendants. They went into the pit with him, and while they were seated together, talking about the sale and purchase of grain, it was here, the testimony tends to show, that defendant took the money of Hall from his pocket, where he had placed it, he having rolled it up, inclosing it in a small rubber band. Hall did not miss the money until defendant had gotten up and left the room. When he arose he found his money gone and made a public announcement of the fact. Defendant was pursued and arrested on the following day. He denied committing the offense and undertook to prove and offered evidence tending to show that Hall had turned the money over to some other parties to be invested in betting on horse races.

The errors of the trial court as assigned by appellant are as follows:

1. The verdict and judgment of the court is contrary to the evidence and the weight of the evidence.

2. The court erred in refusing to grant a continuance to the defendant.

3.   The court erred in refusing to hear the application of defendant for change of venue.

4.   The court erred in refusing to grant the defendant a change of venue.

5.   The court erred in the admission of the following incompetent and irrelevant testimony as to whether Sis Miles, a witness for defendant, kept a house of prostitution.

6.   The court erred in permitting the witness, Susie Clark, a witness for defendant, to be examined as to whether she had ever been convicted in the State of Missouri.   As to whether she had been convicted of fighting.

7.   The court erred in refusing to admit as evidence what Blitz, the defendant, said at the time he surrendered to the officer.

8.   The court erred in permitting the prosecuting attorney to ask the witness, Mullet, in regard to his conviction for frequenting a bawdy house, and in regard to being in adultery with a woman, and as to conversations had with the prosecuting attorney and police officers.

9.   The court erred in permitting the witness, John Dwyer, to testify to certain conversations had between McAnany, the witness, and prosecuting attorney and Mullet, defendant's witness.

10.   The court erred in permitting the witness, Maxwell, a deputy marshal, to testify as to the number of deputies, and as to having five deputies search for the defendant.

11.   The court also erred in permitting the record of the forfeiture of defendant's recognizance to be read at the time and before the jury.

All the testimony admitted or excluded as herein stated, was admitted or excluded against the objections of defendant, to which defendant at the time excepted.

As to the first assignment of error that the verdict "was contrary to the evidence and the weight of evidence," we will say that, while the evidence is conflicting, there was ample evidence upon which to base the verdict, and this court, as it has repeatedly said, will

not usurp the province of the jury and undertake to say upon which side the evidence preponderated.

The second assignment of error is "that the court erred in refusing to grant a continuance to defendant." Applications for a continuance must strictly comply with the statute. "Regarding such applications, the rigid rule prevails that they are to receive no favorable intendments. Such an application must be drawn more carefully than a pleading." [State v. Good, 132 Mo. l. c. 127.] One of the essential requisites of an application for a continuance, as provided in section 2600, Revised Statutes 1899, is that the applicant must state that the facts he expects to prove by the absent witnesses, he believes to be true. This necessary statement was not contained in the application for continuance in this cause, hence, it was insufficient to warrant the court in granting the continuance. The application in case of State v. Alred, 115 Mo. 471, was very similar to the one presented in this cause; at least one of the grounds for refusing the application was identical with the one here in question. BURGESS, J., in that case, says: "Nor do we think that the court committed error in overruling the application of defendant for a continuance. The affidavit does not state that the defendant would be able to procure the testimony of the absent witnesses by the next term of court; *nor does it allege* that the facts which he expected to prove by said absent witnesses he believed to be true." Following the well settled rule as here announced, there is no merit in the contention of appellant in respect to the application for continuance. It is urged, in oral argument, that the court overruled the application on the sole ground that it failed to show sufficient diligence, and that if the application is sufficient in that respect it was error to overrule it. We know of no rule that requires the court to announce all of its reasons for its actions, and of no rule where, if the court gives a special reason for its acts, that others may not be urged in support of the ruling of the court.

We say further that this application was presented to the regular judge and overruled. The regular judge

was disqualified, and one week later this cause was called for trial before Judge Davis. This application was not renewed before Judge Davis, and this record discloses the fact that the case was tried before him. The defendant having proceeded to trial before Judge Davis, without renewing his application and without any objection in respect to the application for continuance previously filed, waived any error committed by the regular judge in overruling the application. [State v. Thompson, 141 Mo. 408.]

It is next urged that the court erred in overruling the application for change of venue. This application was overruled, so the record states, on the ground that there was not reasonable previous notice. Section 2576, Revised Statutes 1899, provides that reasonable previous notice of the application must be given the prosecuting attorney. The provision of the statute authorizing the prosecuting attorney to put in issue the facts upon which the application is based, by introducing evidence in rebuttal of that submitted by the applicant, gives notice of the application more importance, by reason of the necessity of having to prepare to meet it with witnesses.

While the court should treat the subject of notice as contemplated by the statute in these applications with great liberality, to the end that a fair and impartial trial may be secured, yet the requirement of the statute that reasonable previous notice must be given, is not to be construed as meaningless. As was very appropriately said in case of State v. Reed, 11 Mo. 379, it devolves upon the court to determine the question of reasonable notice from the existing facts surrounding the case at the time the application is presented. The notice in this case was given at five o'clock the day before the case was called for trial, and the question presented is, was the action of the court in overruling the application for change of venue, arbitrary and contrary to the spirit of the statute in the administration of law? To fairly interpret the action of the trial court, we must look to the record as to the existing facts surrounding it, at

the time of the action. This case was called for trial before the regular judge, October 25th; defendant filed application for a continuance, which was overruled. The regular judge requested a judge of another circuit to try the case. Upon the calling of the case, defendant fails to appear; his recognizance is forfeited, and he is finally rearrested. After a week's delay, Judge Davis calls the case, and another attorney appears in the cause. Mr. Hardin, in open court, asks the court to postpone the case for a week, on the ground that counsel is engaged in some other case. Mr. Hardin, who was then representing the defendant, in the presence of the defendant and Mr. Heath, one of his counsel, says to the court, if this cause is postponed for a week, this case will be tried here and before this court. This statement was made by an attorney, who had been retained in the case and had authority to speak for the defendant, when at the same time an application for change of venue was then prepared and in the hands of another counsel for defendant. Upon the refusal of the court to postpone the cause, Mr. Hardin withdrew from the case, and Mr. Heath filed an application for change of venue. The court gave the parties an opportunity of showing that they were acting in good faith; no one questioned that counsel, Messrs. Heath and Hardin, were acting in perfect good faith; no one doubts that Mr. Heath received the information as to the prejudice against his client, as he states, but what does the defendant say? He is silent at the time of the presentation of the application. He does not pretend to testify before the court, that the information as given him by Heath, was the first and only information he had as to the public feeling against him. His affidavit discloses that the knowledge of the existence of the facts upon which his application is based, may have come to him at any time from the 26th of October to the 1st of November. He states that the knowledge came to him since the last preceding continuance, which was the 26th of October. We take it that the statute in respect to changes of venue were made to promote fair and impar-

tial trials and not to retard the administration of law. It was never contemplated that the statute should be used as an instrument of delay; but that justice might be meted out fairly and impartially. Appellate courts are not required to close their eyes upon the disclosures in a record, which indicate that a party is using the provision of a statute, not to the end of securing a fair trial, but to obstruct the fair and impartial administration of the law.

Our attention has been directed to the case of Douglass v. White, 134 Mo. 228. An examination of that case will show the good faith of it. The application was made out as soon as the knowledge of the facts was acquired, and the affidavit itself stated when the knowledge came to the applicant, which was since the filing of the replication and only a few hours before the application was presented. The doctrine in that case does not conflict with the views herein expressed. Under the existing facts surrounding this proceeding, at the time of the application, all of which is disclosed by the record, we are of the opinion that the court was warranted in its action in overruling the application for change of venue.

Numerous errors are urged in respect to the admission of evidence. We will notice the fifth, sixth and eighth assignment of errors in conjunction, because they involve the same legal principle. In these assignments, appellant contends that the court erred in permitting counsel to inquire of witnesses Miles, Clark and Mullet, if they had not been convicted of certain misdemeanors—of fighting, keeping or frequenting bawdy houses, etc.; all of which were misdemeanors. There is every reason for counsel for appellant to urge this as error, for if the line of cases to which reference is made [State v. Manning, 87 Mo. App. 78; State v. Donnelly, 130 Mo. 642; State v. Prendible, 165 Mo. 329; State v. Smith, 125 Mo. 2; State v. Taylor, 98 Mo. 240; State v. Grant, 144 Mo. 56] are to be followed, then there is no doubt but that the court committed error in the admission of this testimony. The testimony was doubtless

sought for the purpose of impeachment. All of the cases to which our attention has been called, were decided prior to the enactment of section 4680, Revised Statutes 1899, except the cases of State v. Prendible, 165 Mo. 329; State v. Grant, 144 Mo. 56; State v. Manning, 87 Mo. App. 78, which were decided subsequent to the enactment of that section. Prior to the enactment of section 4680 herein referred to, it was the settled law of this State, that the only convictions of a witness admissible for the purpose of impeachment were those for a felony or petit larceny.

In 1895, the Legislature of this State enacted this provision: "Any person who has been convicted of a criminal offense is, notwithstanding, a competent witness; but the conviction may be proved to affect his credibility, either by the record or by his own cross-examination, upon which he must answer any question relevant to that inquiry, and the party cross-examining shall not be concluded by his answer."[Laws 1895, p. 284; sec. 4680, R. S. 1899.] Now it will be observed that this section makes a very material alteration in the rules of evidence. It first provides by the broad language that "any person who has been convicted of a *criminal offense*"—such conviction may be proved to affect his credibility. This leads us to inquire what is a criminal offense. We are not left in doubt as to this. The term "*criminal offense*" was doubtless used and will be presumed to have been used in section 4680 with full knowledge of the meaning of that term as defined in section 2396, Revised Statutes 1899, which provides: "The terms 'crime,' 'offense,' and 'criminal offense,' when used in this or any other statute, shall be construed to mean any offense, as well misdemeanor as felony, for which any punishment by imprisonment or fine, or both, may by law be inflicted."

This statute was not called to the attention of the court in cases of State v. Grant, and State v. Prendible, supra.

In the case of State v. Manning, 87 Mo. App. 78, the attention of the court was specially directed to this

statute.   With all due deference to the esteemed and learned judge of the Court of Appeals, we can not concur in the conclusions reached in the Manning case.   In that case, a careful analysis of the statute will demonstrate that the construction of it by the Court of Appeals is too narrow and not at all in harmony with the full scope of its provisions.   BLAND, J., speaking for the court, says: "All that can be made of the act, in respect to the impeachment of a defendant in a criminal case testifying in his own behalf, is that it is declaratory of the general rule as announced in State v. Miller, 100 Mo. 606, and State v. Taylor, 98 Mo. 240."

It will be observed that this is a misconception of the provisions of section 4680, Revised Statutes 1899. This section is not directed to the subject of impeachment of defendants in criminal cases; it was, as a rule, made applicable to all witnesses who may testify in a case, and does not undertake to designate the class of witnesses to which its provisions shall apply.

It is further announced by the court in that case, as a reason why this statute does not conflict with the unbroken line of decisions on that subject, that "the contention of respondent that the statute is broad enough to cover all cases of whatever character, is opposed to both reason and justice.   Should such a construction be given the statute, we would have this inequality of the law as to impeaching witnesses, viz., it would be competent to discredit the defendant, should he testify, by showing he had been convicted of a crime not infamous, but as to all other witnesses in the case such testimony would be incompetent for the purpose of discrediting them."   We are unable to see where the court discovers this discrimination; it is certainly not in the provisions of the section.   This statute makes no such distinction; it says: "Any person who has been convicted of a criminal offense is a competent witness; but the conviction may be proved to affect his credibility."   This does not single out the defendant or any other class of witnesses; but includes all classes, defendant or any other person, who may have been con-

victed of some criminal offense.    This act was not simply declaratory of the well-settled rule ''that a prior conviction of a witness had to be as to an infamous crime.''    If such had been the intention of the Legislature, they would have used in section 4680 the term ''infamous crime,'' instead of ''criminal offense,'' both of which terms are clearly defined by our statute.    If the term ''infamous crime'' had been used, then clearly would it be held as simply declaratory of the well-settled rule, but instead they use the broad term *criminal offense,* which presumptively was used in the sense as defined by the statute.

It is further urged that a penal offense, not infamous, is not necessarily inconsistent with a good moral character.    This might furnish a valid reason against the enactment of the law; but furnishes none against declaring it as the law, after it is enacted.    Had the provisions of this statute been called to the attention of the learned judges, who decided the cases of State v. Prendible, and State v. Grant, and had the attention of our learned and esteemed Bro. BLAND been especially called to all the statutes bearing upon this question, doubtless all of them would have said, ''We doubt the wisdom of this radical alteration in the rules of evidence; yet it has been so altered by the lawmaking power and we will declare the law so to be.''    While we doubt very seriously the wisdom of this sudden and apparently unnecessary change of the long-established rules of evidence, which have been uniformly followed for so many years, doubtless on account of their being based upon that most appropriate foundation of reason and justice, yet if this change is unwise and was ill-considered, the more strictly it is enforced the sooner its defects will appear, and the sooner will the power that created it bring about its destruction.

Having reached this conclusion as to this statute, the cases referred to in respect to this particular rule of evidence discussed in this opinion are no longer to be considered as the rule in this State and will not be followed.

As to assignment seven, the court properly excluded what the defendant said at the time he surrendered to the officer. He is not permitted to create evidence for himself in that way.

Complaint is also made as to the questions propounded to witness Mullet as to conversations had in the office of the prosecuting attorney. It must be remembered that Mullet was a witness for defendant, and great latitude is indulged in the cross-examination of witnesses and the State had the right to lay the foundation for his contradiction, by asking him if he had not made certain statements in the presence of other parties, and the State had the right to contradict him by witness Dwyer as to these statements. While Dwyer's testimony was not admissible to prove the fact as to the truth of the statements, yet it was admissible for the purpose of contradicting the witness. It was competent for the State to show that the defendant was not an operator; this was admissible for the purpose of showing falsity of statements made to prosecuting witness Hall.

As to the testimony as to defendant's failure to appear and the forfeiture of his recognizance as tending to show flight, it is admitted in the reply brief of counsel, that this testimony was not objected to by counsel for defendant at the time, hence, there is no necessity to discuss it. We will say, however, that testimony tending to show flight is ordinarily admissible; its weight and the influence it should have in reaching a verdict, was for the jury.

This cause being of such importance, we have carefully read the testimony upon which this conviction is based, and have given the errors assigned our careful attention. Finding that the verdict is based upon substantial testimony, and that the errors complained of afford no legal cause for the reversal of this judgment, it is ordered that the judgment be affirmed. All concur.