STATE OF MISSOURI, Respondent, v. GEORGE CAMPBELL, Appellant.

Kansas City Court of Appeals, October 7, 1912.

1. **LOCAL OPTION: Evidence: Impeaching Witness: Cross-Examination.** It is error to refuse to allow a witness to answer questions pertaining to his conviction of criminal offenses.

State v. Campbell.

2. ———: ———: Criminal Offenses: Include Misdemeanors. The term criminal offense, as used in Sec. 6383, R. S. 1909, has been construed to include misdemeanors.

3. JURY: Remarks of Judge. The court has no right to address the jury orally as to their duty. The law contemplates that when the jury have heard the evidence and have been instructed as to the law, they understand the nature of their duty.

Appeal from Boone Circuit Court.—*Hon. D. H. Harris*, Judge.

REVERSED AND REMANDED.

*Harris & Finley* for appellant.

(1) The court erred in excluding the testimony as to the previous criminal record of the State's witness, Jack Houston. State v. Blitz, 171 Mo. 530; State v. Arnold, 206 Mo. 597; State v. Kennedy, 207 Mo. 528. (2) The court erred in making oral statements to the jury, which statements prejudiced defendant's case in the minds of the jury. Skinner v. Stifel, 55 Mo. App. 13; Parkleton v. Pugsley, 107 Mo. App. 678; Clark v. Fairley, 30 Mo. App. 335.

*E. C. Anderson* and *W. H. Sapp* for respondent.

We contend that police court convictions for violations of city ordinances are not admissible as evidence to impeach the credibility of a witness. It is not a "criminal offense." to violate a city ordinance. Mexico v. Harris, 115 Mo. App. 707; City of Gallatin v. Tarwater, 143 Mo. 40; City of St. Louis v. Weitzel, 130 Mo. 600. We insist that the mere fact of the instruction or statement to jury being oral is no ground for reversing the case as the statement was made in the presence of counsel for defendant. Skinner v. Stifel, 55 Mo. App. 13; Walsh v. St. Louis Drayage Co., 40 Mo. App. 339. We suggest that this court is not authorized to reverse judgments only for prejudicial errors. Skinner v. Stifel, 55 Mo. App. 13.

BROADDUS, P. J.—The defendant was tried and convicted on a charge of violating the Local Option Law in force in Boone county. The information contained three counts. The defendant was convicted on the third count. From the judgment of the court defendant appealed.

On the trial the State introduced a negro man named Houston who testified that John Lawson gave him seventy-five cents with which to buy whiskey and that he went to defendant's place of business and bought from him a pint of whiskey for which he paid seventy-five cents. There is some evidence of a circumstantial nature tending to corroborate the evidence of Houston.

On cross-examination Houston was questioned for the purpose of being impeached. He was questioned as follows: "I will ask you if on February 14, 1910, you didn't plead guilty to being drunk in Judge Stockton's justice court?" "On February 28, 1910, didn't you plead guilty before Justice Stockton to passing whiskey into the jail?" "I will ask you if you were not convicted of disturbing the peace of Amanda Campbell the same month?" To each of these questions the State objected as to its competency. The court sustained the objections.

The jury failed to agree on the day the cause was submitted to them and they were permitted, with the consent of parties, to separate until the following day. When the jury were called in the afternoon of Tuesday the judge, before he sent them to the room to consider further the case, addressed them as follows: "Gentlemen of the jury, before sending you to your room at this time to further consider your verdict, I think it would be proper for me to say that it is your duty to deliberate together in a friendly manner and, if it is possible for you to agree upon a verdict without violating your oaths and your consciences, that it is your duty to do so. Our criminal laws are admin-

istered by and through juries and if they do not agree or attempt fairly and honestly to agree then no conclusion can be reached and cases go undetermined and the law is not administered. You will understand, of course, that in these remarks the court is not attempting to coerce you in any way but simply to say that if you can fairly and honestly agree upon a verdict by conferring together in a friendly manner that it is your duty to do so.''

The defendant's counsel objected to the foregoing remarks of the court.

The court was in error in refusing to allow the witness Houston to answer the various questions propounded to him. Section 6383, R. S. 1909, provides that ''any person who has been convicted of a criminal offense is, notwithstanding, a competent witness; but the conviction may be proved to affect his credibility,'' etc. This section has been construed and it is held that the term, criminal offense, includes misdemeanors. [State v. Blitz, 171 Mo. 530; State v. Arnold, 206 Mo. l. c. 597; State v. Kennedy, 207 Mo. 528.] The court was also in error in the remarks the judge made to the jury. There was no necessity for the judge to tell the jury that unless they agreed in such cases the criminal law would not be administered. It is insisted by the counsel for the state that there is nothing in the remarks of the court that the jury did not already know. That is, perhaps, true. If so, what motive could the judge have had in making a useless statement? The jury evidently concluded that the judge would not have used the language in question unless he meant something that was to be read between the lines. We do not wish to be understood as imputing any improper motive to the judge, but the address was unfortunate. The court had no right to address the jury as to their duty in the premises. The jury were to be guided by the written instructions. ''To admonish them as to their duty, as was done, invaded

their province. The law contemplates that when the jury have heard the evidence ánd have been instructed as to the law, they understand the nature of their duty.

The judgment is reversed and the cause remanded. All concur.