## STATE OF MISSOURI v. HARRY T. DAVIS.

Springfield Court of Appeals, March 11, 1922.

CRIMINAL LAW: Not Error to Exclude Evidence of Defendant's Good Character, Where he Admitted the Offense Complained of, and Minimum Punishment was Assessed. Defendant was convicted of having unlawfully practiced medicine and surgery without having procured a license from the State Board of Health, as provided by section 7330, Revised Statutes 1919. He admitted the offense, and the minimum fine was assessed. His reputation for truth and honesty was admitted by the State to be good, but the court excluded evidence offered by defendant to prove his good character, and refused to instruct the jury on this point. Defendant appeals. *Held:* The refusal of the court to admit such evidence and to instruct the jury on this point was not error, altho it would have been reversible error if the punishment assessed had been greater than the minimum.

Appeal from Circuit Court of Lawrence County.—*Hon. Chas. L. Henson,* Judge.

AFFIRMED.

*Skinner & Halterman and Collins & Stough* for appellant.

*J. A. Potter,* Prosecuting Attorney, for respondent.

FARRINGTON, J.—The defendant appeals from a judgment of conviction rendered in the Lawrence County Circuit Court where he was indicted for violating section 8311, Revised Statutes 1909, now section 7330, Revised Statutes 1919. The indictment upon which he was convicted charges him with having unlawfully and wrongfully practiced medicine and surgery without having procured a license from the State Board of Health. The punishment fixed by the verdict and judgment of sentence was the minimum fixed by the law.

The only error assigned in the brief of the appellant is that the court excluded evidence offered by the defendant showing his good reputation as a law-abiding citizen, and that the court failed to instruct the jury on this point. When the evidence was offered, the State admitted that the defendant's reputation for truth and honesty was good. Appellant cites as authorities to sustain the assigned error, section 4025, Revised Statutes 1919, and State v. Anslinger, 171 Mo. 600, 71 S. W. 1027; State v. Baird, 231 S. W. 625.

For the purpose of disposing of this appeal the alleged error, if error, is not available to this defendant, and this because the defendant when placed on the stand admitted that he had done the identical things which were declared in the case of State v. Smith, 233 Mo. 242, 135 S. W. 465, as being a violation of the statute under which he was charged. The question therefore of his guilt was admitted.

On the other hand had the punishment for this admitted guilt been fixed greater than the minimum as fixed by statute, then 'we think it would have been reversible error not to permit the jury to consider his previous good character, and defendant would have been entitled to have attention called to such by instruction, all of which would have been matters for the consideration of the jury in fixing the amount of punishment to be given. But here we have a defendant who, by his own admissions, convicts himself of violating the statute under which he is being tried, and we also find that he was meted out the least punishment fixed for such breach of the law. We, therefore, fail to see wherein he can claim that the action of the trial court was prejudicial to him. It is not a case where the guilt or innocence of the accused is in question, nor where he was denied any right whereby his punishment might have been mitigated. The judgment is affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.