Jesse Elbert HOOVER, Appellant,

v.

Edward Vincent DENTON, Respondent.

No. 47539.

Supreme Court of Missouri,
Division No. 2.

May 9, 1960.

Thaine Q. Blumer, Kansas City, and Alan B. Slayton, Independence, for appellant.

Reed O. Gentry, Gene C. Morris, Kansas City, Rogers, Field, Gentry & Jackson, Kansas City, of counsel, for respondent, Edward Vincent Denton.

EAGER, Judge.

This case comes here upon a much abbreviated record and on one point of law. The lawyers are to be commended for their forthrightness. We shall refer to the parties as they appeared below. The suit

was for personal injuries sustained by plaintiff when his car and defendant's truck collided on Highway 24 in Jackson County, about 8:00 p. m. on January 27, 1957. Plaintiff was going east, defendant west. While various claims of negligence were pleaded, pro and con, the ultimate issue of fact in the trial was: Who was partially on the wrong side of the road? Plaintiff was immediately approaching a curve to his left, going downhill, and defendant was coming, or had just come, out of the curve. The evidence here indicates that both plaintiff and defendant were traveling at approximately 40–45 miles per hour, that there was a drizzle, and that the pavement was "damp" or wet. The detailed circumstances are unimportant here. The instructions both on defendant's primary negligence and plaintiff's contributory negligence essentially submitted the issue as to whether the party thus charged with negligence had turned or driven across the center line. On the cross-examination of plaintiff that issue was thoroughly explored. The verdict was for the defendant and, after a motion for new trial which adequately preserved the point raised here, plaintiff appealed.

At the end of plaintiff's cross-examination he was asked if he was not charged and convicted in "the Magistrate Court with careless driving, and driving on the wrong side of the road * * *." The question was objected to and the objection was overruled, but the point is not preserved here. Plaintiff's answer (after the question was repeated, in substance) was: "Convicted me of careless driving." In defendant's case counsel offered the record of the Magistrate. This was objected to and considerable colloquy ensued. The result was that certain parts of the charge were omitted in the reading of the record, the objection was overruled, and the following was admitted and read: "State of Missouri vs Jesse Elbert Hoover, 804 East Pacific, Independence, Missouri. Before Joseph J. Brady, Sixth Magistrate District, Jackson County, Missouri. The charge is

that on or about the 27th day of January, 1957, at the County of Jackson and State of aforesaid, one Jesse Elbert Hoover did then and there unlawfully operate a certain motor vehicle in a careless, imprudent and negligent manner, driving on the wrong side of the road, colliding with another vehicle. On this 20th day of February, 1957, the defendant was brought into court, the information is read in the presence of the defendant and he enters a plea of not guilty. Upon examination on said charge, the witnesses being produced, sworn and examined, and the case submitted, it is adjudged by the Magistrate that the defendant be found guilty." Counsel stated that the record was offered "in impeachment of plaintiff with respect to the credibility of the plaintiff" and as concerning the "nature of the charge." The objections were that the record was unnecessary and prejudicial, plaintiff having already admitted the conviction of careless driving, and particularly so in that it showed a conviction arising out of the very accident in question.

■ The sole question briefed here is the error of the court in admitting the Magistrate's record. The grounds briefed are: that since the record was admissible solely on credibility it was "prejudicial" when used to prove negligence; that the record was "repetitious," and its admission was contrary to the statute. The statute involved is section 491.050 RSMo 1949, V.A. M.S., which is as follows: "Any person who has been convicted of a criminal offense is, notwithstanding, a competent witness; but the conviction may be proved to affect his credibility, either by the record or by his own cross-examination, upon which he must answer any question relevant to that inquiry, and the party cross-examining shall not be concluded by his answer." This statute has been in force for many years. It is held, beyond all question, that convictions for misdemeanors may be shown, as well as those for felonies. Fisher v. Gunn, Mo., 270 S.W.2d 869; Myles v. St. Louis Public Service Co., Mo.App., 52 S.W.2d 595; State v.

Blitz, 171 Mo. 530, 71 S.W. 1027. And while initially it seems to have been doubted whether the nature of the offense might be inquired into (State v. Spivey, 191 Mo. 87, 90 S.W. 81), the later cases clearly permit an inquiry sufficient to show the nature of the offense of which the witness has been convicted. Fisher v. Gunn, Mo., 270 S.W.2d 869, 875–876; State v. Gentry, Mo., 212 S.W.2d 63, 64; State v. Ransom, 340 Mo. 165, 100 S.W.2d 294. The logic of that holding is explained in Gentry, supra. We might question the wisdom of permitting the showing of any and all misdemeanor convictions to affect one's credibility, as indeed others have done (State v. Blitz, 171 Mo. 530, 71 S.W. 1027; Fisher v. Gunn, Mo., 270 S.W.2d 869, 876), but the legislature has spoken and we may not rewrite the statute.

Essentially, what the plaintiff urges here is that he had admitted the conviction, that the statute permits the impeachment either by cross-examination or by the record but not by both, and that in these circumstances the record of a conviction arising out of this particular accident was inadmissible and highly prejudicial. He cites Fisher, supra, and also, Stack v. General Baking Co., 283 Mo. 396, 223 S.W. 89, and Myles v. St. Louis Public Service Co., Mo. App., 52 S.W.2d 595. We cannot see that Fisher, supra, aids plaintiff in this particular. In Stack, supra, the court held that when the witness admitted that he had been convicted of selling liquor on Sunday, the admission made the record inadmissible. The trial court had excluded that record, and others. In Myles, supra, the defendant had admitted a conviction for "fighting" or disturbance of the peace, but denied having been convicted of petit larceny; the State offered the record of such a conviction of a person having a similar name. The court held that it was properly excluded because not sufficiently connected up with the defendant. In the course of the opinion, however, the court said, 52 S.W.2d loc. cit. 598: "If the record had been otherwise admissible in evidence, it would have been so

for the very reason that plaintiff did deny the conviction shown therein. Where the witness admits the conviction regarding which he is interrogated, the record of that conviction becomes inadmissible, for there is then no longer any occasion for an impeachment of his testimony. Stack v. General Baking Co., 283 Mo. 396, 223 S.W. 89. Rather it is where the witness denies the previous conviction that the record thereof becomes admissible, for under the statute his denial is not binding on the party making the inquiry, and resort may then be had to the best evidence of the conviction of the witness, which is the record of the court itself. State v. Sovern, 225 Mo. 580, 591, 125 S.W. 769, 773."

 There are cases which use language so broad as to indicate that possibly both means of impeachment might be used. State v. Kennedy, 207 Mo. 528, 106 S.W. 57; State v. Spivey, 191 Mo. 87, 90 S.W. 81. The statute is worded in the alternative, although this is not necessarily conclusive. We hold that if the witness (defendant or otherwise) fully and unqualifiedly admits the conviction, including the nature thereof if inquired about, then the record becomes inadmissible. This is true, if for no other reason, because the record has then become surplusage and it is repetitious. The witness' credibility has already been impeached. If the witness evades or equivocates (State v. Brown, Mo., 165 S.W.2d 420; State v. Barnholtz, Mo., 287 S.W.2d 808) the record should be received. If he denies the conviction, the record should be received. And, in the first instance, the party opposing the witness may elect which route he will take,—cross-examination or proof by the record.

 We must consider now the nature of plaintiff's answer. He admitted a conviction of "careless driving"; he did not admit being convicted of driving on the wrong side of the road. The next inquiry must be: Is the latter any material part of the charge here? Plaintiff says it is not and that it is mere surplusage. So

far as the issues in this case were concerned it was a highly material matter, in fact. The statute from which the "careless and reckless" charges are derived is section 304.010 RSMo 1949, V.A.M.S. It provides in part: "Every person operating a motor vehicle on the highways of this state shall drive the same in a careful and prudent manner, and shall exercise the highest degree of care, * * *." It states nothing about the right or wrong side of the road. But section 304.015, subd. 2 (Laws 1953, p. 587, 1957 Cum.Sup.) provides that a vehicle shall be driven on the right half of the roadway, with certain exceptions not applicable here. The penalty section (section 304.570) applies to violations of any and all provisions of Chapter 304 for which no specific punishment is provided. It thus appears that driving on the wrong side of the road may either be considered as a specific violation of § 304.015, subd. 2, or it may be considered as a factual allegation to support a careless driving charge under § 304.010. In State v. Ball, Mo.App., 171 S.W.2d 787, 789, the allegations in an information charged that the defendant drove in a careless and reckless manner by failing to keep his car "as close to the right-hand side of said highway as practicable * * * and by weaving said motor vehicle back and forth on said highway, * * *." It was held that these factual allegations constituted a part of the careless and imprudent driving charge (§ 8383 RS 1939, which has now been replaced by section 304.010, supra) and that they also alleged a violation of the then section 8385(b) RS 1939, known as the Rules of the Road. The latter section (later section 304.020 RS 1949, V.A.M.S.) has now been repealed (Laws 1953, p. 587), and replaced generally by section 304.015 (Cum.Sup.1957, and Laws 1953, p. 587), which requires that vehicles shall be driven on the right half of a highway, with exceptions not applicable here. Thus a charge that plaintiff was "driving on the wrong side of the road, colliding with another vehicle" was actually a specification under the "careful and prudent" section (304.010) and the charge of a violation under section 304.015, supra. See, also, State v. Reynolds, Mo.App., 274 S.W.2d 514, 516, where it was held that an information charging generally that the defendant drove "in a careless, reckless and imprudent manner * * *" was bad for failure to state the facts constituting the offense, because it did not show defendant what he was required to answer. The court there said in part, loc. cit. 516: "If the information had said that defendant operated his car in a careless and imprudent manner in that he was driving at a high rate of speed or was operating it on the wrong side of the road or that he was failing to keep it as near the right-hand side of the road as practicable or any of the other requirements of the statute, and, by so doing, he endangered the property of another or the life or limb of any person, the information would have charged an offense under the law. As the information stands it merely pleads conclusions of law."

We conclude here that the allegation that plaintiff was driving on the wrong side of the road was a material part of the charge, and that, to this extent, plaintiff failed to admit the conviction; perhaps, to be more specific, we should say that he did not admit fully the nature of the charge and the conviction. Under these circumstances, we hold that the record was properly admitted.

In view of the foregoing, we need not consider the asserted curative effect of Instruction 4 which limited the scope of this evidence to the question of credibility; nor need we consider whether the admission of this record actually added any prejudice to what had already transpired. This we doubt, but do not rule.

Finding no error, the judgment is affirmed.

LEEDY, P. J., STORCKMAN, J., and ELMO B. HUNTER, Special Judge, concur.