## THE STATE v. CHAPPELL, Appellant.

*Division Two, February 1, 1904.*

1. **Criminal Law**: BURGLARY: STATEMENTS OF DEFENDANT: INSTRUCTION. Where a witness testifies to a conversation had with defendant in regard to committing a burglary, it is proper to instruct the jury that, if they find defendant made any statements as to any fact connected with the burglary, they may give such statements the consideration to which they think them entitled. And even if there is no testimony upon which to base it, the giving of such an instruction would not operate to the injury of the defendant, because if he made no such statements, it will be presumed that the jury knew that fact and that they considered only such facts as were in evidence before them.

2. ———: SOLICITATION TO COMMIT CRIME: NO DEFENSE. The mere fact that a person is solicited by another to commit a crime, or is encouraged in the commission of it, constitutes no defense if such person yields to the solicitations and actually perpetrates the crime.

3. ———: RECORD OF FORMER CONVICTION: PETIT LARCENY: JURISDICTION OF POLICE JUDGE. A police judge of the city of Springfield has jurisdiction of the offense of petit larceny. And where a defendant has testified in his own behalf, a judgment of a prior conviction of such offense rendered by such judge, said judgment being regular on its face, is properly admitted in evidence for the purpose of affecting defendant's credibility, where the court, by proper instruction, limits the consideration of the evidence to such purpose.

4. ———: ———: COLLATERAL ATTACK. Errors occurring in the trial of a cause should be remedied by appeal. The appellate court will not pass upon and determine them in a collateral proceeding.

Appeal from Greene Criminal Court.—*Hon. Jas. J. Gideon,* Judge.

AFFIRMED.

*Wear & McGregor* and *P. T. Allen* for appellant.

(1) The instruction in regard to verbal statements or any statements having been made by the defendant should not have been given because it was calculated to raise in the mind of the jury or some member thereof the belief that some such evidence had been given or the court would not have commented upon it, when, in fact, no such evidence had been offered by the State, much less admitted by the court. And the instruction having been given, it is an assumption upon the part of the court that such evidence was before the jury for their consideration. (2) Instruction 14 should not have been given, because in its form it assumes the former conviction proved without leaving it to the jury to say whether or not the alleged matter had been established. State v. Rose, 32 Mo. 346; State v. Bailey, 57 Mo. 131. Then again this evidence was incompetent and should not have been admitted because the police court has not jurisdiction to try such a charge or pronounce

any judgment in such case, as will appear from the affidavit and information filed in that case by the prosecuting attorney. In order to confirm jurisdiction in such cases, the facts which give jurisdiction must appear upon the face of the complaint or information. State v. Metzger, 26 Mo. 65; State v. Schneider, 47 Mo. App. 669; Wise v. Loring, 54 Mo. App. 258. (3) The court should have given instructions asked by the defendant bearing upon the part that was played by the witness Fleener and officer Hinckley as to their method of encouraging, as officers, the commission of crimes, rather than to prevent the same. State v. Hayes, 105 Mo. 76; Saunders v. People, 38 Mich. 218; Speiden v. State, 3 Tex. App. 158; Allen v. State, 40 Ala. 334; Conner v. People, 25 L. R. A. 341.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1) It was perfectly proper for the court to instruct the jury that if the defendant had made verbal statements and such statements were shown in evidence, they had a right to consider them with all other facts and circumstances proven. (2) . Instruction 14 properly limits the purpose for which the evidence of defendant's former conviction of petit larceny may be used by the jury. It tells the jury that they are to consider the evidence, which has been introduced in this case, to the effect that the defendant has been previously convicted of the crime of petit larceny, before a police judge, solely for the purpose of discrediting defendant as a witness. State v. Dyer, 139 Mo. 212; State v. Blitz, 171 Mo. 541. (3) The legality of a conviction for petit larceny in a police court can not be attacked in a collateral way, unless it should appear under the law that the court had no jurisdiction to try offenses of that character. Section 5798, Revised Statutes 1899, expressly provides that the judge of a police court shall have the powers and be accorded the same jurisdiction as a justice of the peace

in misdemeanor cases. When it is shown that the police court of Springfield has jurisdiction over offenses of a certain character the legality or correctness of a judgment can not be questioned in a collateral way. It not being shown that an appeal was taken from the judgment of the police judge, it stands as a conviction against the defendant and is properly admissible against him. It has been held by the courts of this State that judgments of courts having jurisdiction of the person and subject-matter can not be attacked in a collateral way. Fulkerson v. Davenport, 70 Mo. 54; Yates v. Johnson, 87 Mo. 213; McDonald v. Frost, 99 Mo. 44. (4) Instruction 1, offered by defendant, was properly refused. There was no evidence showing that witness Fleener induced defendant to commit the crime, and no evidence that defendant acted solely upon the encouragement of witness Fleener.

FOX, J.—Defendant, together with one Harry Conway, was indicted in Greene county, upon a charge of feloniously and burglariously breaking into a freight car belonging to the St. Louis & San Francisco Railroad Company, and stealing therefrom twenty-four pairs of shoes of the value of fifty dollars. The venue of the crime is laid in Greene county and August 3, 1902, is stated as the date of its commission. After the indictment was found and defendants were arrested, a severance was called for and granted.

It appears that soon after Conway was arrested, he entered a plea of guilty and was sentenced to the Reform School, he being at that time but seventeen years of age.

The testimony on the part of the State was substantially as follows:

On the evening of August 1, 1902, a freight car, loaded with miscellaneous merchandise from St. Louis, to be delivered at various points beyond and west of Springfield, was attached to a freight train

leaving Newburg about six o'clock in the afternoon. The doors of this car had been fastened and sealed in the manner usually employed by the railroad company. It arrived in Springfield the following morning and upon its arrival the doors were still closed and sealed. It was "cut out" on a side track to await the departure of a west-bound local freight train in the afternoon of that day.

Sometime during the forenoon of the second day of August, the defendant broke the seal on the door and opened the car, and, together with Conway, removed therefrom four boxes of shoes. These boxes were closely guarded from public view until the following evening.

During the day of the second of August, the defendant went to the second-hand store run by a man by the name of Smith, located at 300 East Commercial street, Springfield, and asked W. B. Fleener, one of the employees of the store, if he could not handle some shoes. Fleener told him that he could and asked where they were. Defendant then asked the witness if he would go with him to get them. Witness said he would and defendant then said that they had best not go until night. Defendant told witness to hire a rubber-tired buggy and meet him at Kelly's saloon about eight o'clock. At the proper time, Fleener obtained a buggy and went to Kelly's saloon and found the defendant, and drove with him to Robberson avenue, near the railroad. Fleener held the horse a few moments when the defendant and Conway approached the buggy with two boxes of shoes. They then took them to the second-hand store where they were placed in the cellar. In the meantime, the police officers were notified by Fleener, and defendant and Conway were arrested.

On the part of the defendant, evidence was introduced for the purpose of contradicting some of the police officers who were introduced by the State. There was also testimony tending to show that a detective was con-

nected in some way with inciting the commission of the burglary. Defendant testified in his own behalf, denied the commission of the burglary and also denied conversations spoken of by a witness for the State.

At the close of the evidence, the court instructed the jury; the cause was submitted to them and they returned a verdict of guilty as charged, assessing the punishment of defendant at five years in the penitentiary. Motions for new trial and in arrest of judgment were filed, and by the court overruled, and the defendant now presents the cause to this court for review upon his appeal.

The instructions complained of and the admission and rejection of evidence offered, will be given attention in the course of the opinion.

The errors complained of in the trial of the cause, disclosed by the brief of counsel for appellant, are:

First. That the court erroneously instructed the jury.

Second. That the court improperly refused instructions prayed for by appellant.

Third. That the court erroneously admitted the judgment of former conviction of the defendant, in the police court of Springfield.

Treating the contentions in the order in which they are stated, it is first urged that the court erred in giving the instruction guiding the jury in the consideration of any statements made by the defendant. The form of the instruction is not assailed; hence, it will serve no purpose to burden this opinion by inserting it; appellant does, however, urge that there was no testimony upon which to base it. In other words, it is contended that the testimony fails to disclose any statements by the defendant, and the giving of the instruction operated to his prejudice. As to this contention we will say that we have read in detail the testimony in this case as disclosed by the record, and find that witness W. B. Fleener testified very fully as to a conversation he had

with defendant, in respect to preparations for going down after the shoes, and it may be appropriately said that this instruction was based upon this testimony. Aside from this, if the contention of appellant is correct, that there was no testimony upon which to base it, we are unable to conceive how it could operate to the injury of the defendant. If the defendant made no statements, it is to be presumed that the jury knew it, and that they did not consider any facts except those in evidence before them. They were directed by the instruction that if they found he made any statements as to any facts connected with burglary, they were to give such statements the consideration to which they were entitled. This instruction was doubtless predicated upon the testimony of witness Fleener, and this contention must be ruled against appellant.

It is next urged that instruction No. 14, which told the jury that they were only to consider the judgment of former conviction of the defendant, for petit larceny, as affecting his credibility, was erroneous, in this, that it assumed the fact of former conviction as proven. That instruction is as follows: "You are instructed that you are to consider the evidence which has been introduced in this case, that the defendant has been convicted of the crime of petit larceny before Police Judge Burks, solely for the purpose of discrediting defendant as a witness."

The objection to this instruction is without merit. The judgment of conviction was introduced, and while it was objected to on the ground that it was void for want of jurisdiction in the court to render it, there was no denial of the truth of its recital. If the judgment was properly admitted (which will be discussed later) then it is apparent that the instruction of the court was appropriate and correct.

The next assigned error to which our attention is directed is the refusal of the court to give the following instruction prayed for by the appellant: "The court

instructs the jury, although you may believe from the
evidence that the defendant, in company with Conway,
broke into and entered said car and stole, took and car-
ried away therefrom the shoes mentioned in the indict-
ment, yet if you further find and believe from the evi-
dence that the scheme and purpose to so break and enter
and to take said goods or any goods from said car
originated with and was conceived by witness Fleener
and communicated to the defendant and that the defend-
ant acted only upon the suggestion and solicitation of
said Fleener and adopted said scheme and purpose and
carried the same into execution, and you further find
that said Fleener was a decoy or detective and acting
under the direction of one Hinckley, a police officer of
Springfield, and for the purpose of entrapping defend-
ant into the commission of the offense charged in the
indictment in order that he might be prosecuted there-
for, you will acquit the defendant.''

To support the contention of appellant that this
instruction was erroneously refused, we are cited to the
following cases: State v. Hayes, 105 Mo. 76; Saunders
v. People, 38 Mich. 218; Speiden v. State, 3 Tex. App.
156; Allen v. State, 40 Ala. 334; Connor v. People, 25
L. R. A. 341.

A careful examination of those cases will clearly
demonstrate that they are not applicable to this conten-
tion, and fall far short of supporting it.

In State v. Hayes, supra, the defendant Hayes was
charged with burglary and larceny; a party by the name
of Hill did the breaking of the warehouse, charged to
have been burglarized, in the presence of the defendant;
the court instructed the jury that if the defendant Hayes
was present, aiding and abetting Hill in such breaking,
then he was guilty of burglary. The evidence disclosed
that Hill was related to the owners of the warehouse,
and his sole purpose in engaging in the burglary was
to enable the parties on guard to capture Hayes. The
instruction was condemned for the reason that Hill, who

performed the acts of the actual breaking, did not intend to commit the offense of burglary. Hence there could be no aiding and abetting him in the commission of the offense.

That is not this case; the facts are entirely different; there is no pretense that Fleener, who is denominated the detective, had anything to do with breaking open the car.

The mere fact that a person is solicited or encouraged in the commission of an offense furnishes no defense, in the event he yields to such solicitations and actually perpetrates the crime.

In Saunders v. People, supra, it was simply announced that a witness, who encouraged or schemed to bring about the commission of a crime, with the view of capturing the perpetrator of it, should be subjected to a searching cross-examination, and great latitude should be indulged in such examination for the purpose of affecting his credibility.

In Speiden v. State, supra, the proposition decided may be briefly summarized thus: "Certain bankers, apprehending an attempt by one S. to rob their bank, employed detectives, who, by authority of the bankers, decoyed him into the bank. Held, that the consent of the detectives to the entry of S. was the consent of their employers; and, therefore, however guilty his intent and purpose, his conviction for burglary is not sustained by the evidence or warranted by the law."

This case has no application to the facts disclosed in the record before us. There is an entire absence of any testimony indicating in the remotest way any consent on the part of the railroad to the breaking and entry of the car burglarized. To the same effect are the cases of Allen v. State, and Connor v. People, supra. None of these cases sanction the principle announced in the instruction sought to be given by the trial court. The court was clearly right in refusing the instruction.

This leads us to the only remaining question pre-

sented by appellant for our consideration. The defendant was introduced as a witness in his own behalf. The State, for the purpose of lessening his credibility, introduced in evidence a judgment of his conviction for petit larceny rendered by the police judge of the city of Springfield. It is insisted that this was error, for the reason, it is asserted, that the police judge had no jurisdiction of the case. To this insistence we can not give our consent. Section 5798, Revised Statutes 1899, clearly confers jurisdiction upon the court presided over by the police judge. It provides: "The police judge shall be *ex officio* a justice of the peace within the limits of the city, with jurisdiction as to crimes and misdemeanors, but shall have no jurisdiction to hear or determine civil matters. The marshal, or in his absence the assistant marshal or any regular policeman, shall be *ex officio* a constable to wait upon the police judge when acting as a justice of the peace."

The police judge had jurisdiction of the subject-matter (which was petit larceny) by virtue of the terms of the statute. He also had jurisdiction of the person of the defendant.

"By jurisdiction of the subject-matter is meant jurisdiction of causes of the general class to which the action belongs." [Livingston v. Allen, 83 Mo. App. 294; Posthlewaite v. Ghiselin, 97 Mo. 424.] It may be that the information or affidavit was defective; but that was a matter that defendant could have remedied by appeal, and this court will not now stop, in this collateral proceeding, to pass upon and determine the errors complained of in a cause unappealed from before the police judge.

The judgment of conviction was regular upon its face, was admitted simply for the purpose of affecting the credibility of the defendant, who had testified in his own behalf, and the court by proper instruction confined the purpose of the testimony to its legitimate scope, and there was no error in its admission.

We have carefully considered all the testimony disclosed by the record. It fully supports the verdict of the jury. The instructions of the court were full and fair, covering every feature of this case developed during the progress of the trial; the judgment should be affirmed, and it is so ordered.

All concur.