## STATE OF MISSOURI, Respondent, v. EARL SHANKS, Appellant.

### St. Louis Court of Appeals, July 12, 1910.

1. **CRIMES AND PUNISHMENTS: Criminal Practice: Witnesses: Impeachment of Defendant.** The general rule is, that the defendant in a criminal prosecution, who testifies in his own behalf, is subject to impeachment the same as any other witness.

2. ———: ———: ———: ———: *Prior Conviction of Misdemeanor.* Under section 4680, Revised Statutes 1899, it is competent to impeach the defendant in a criminal case, who testifies in his own behalf, by showing he had theretofore been convicted of a misdemeanor, and questions directed to such impeachment may be propounded in the cross-examination.

Appeal from New Madrid Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*T. Gallivan* and *G. H. Traylor* for appellant.

*H. C. Riley, Jr.,* for respondent.

NORTONI, J.—Defendant was convicted of the offense of petit larceny and prosecutes an appeal from that judgment. No briefs are filed in this court for either party but we have examined the record for error with care as the statute requires.

It appears plaintiff was informed against in the circuit court by the prosecuting attorney as though he was guilty of the charge of grand larceny. It is alleged substantially in the information that defendant did unlawfully, willfully and feloniously, at and in the county of New Madrid, in the State of Missouri, take, steal and carry away two certain hogs, describing them, of the value of thirty dollars, the personal property of one Alvin F. Brooks. Defendant waived formal arraignment, pleaded not guilty and was tried by a jury of twelve men. The jury found him guilty of the offense of petit larceny and assessed his punishment at a fine of forty dollars, etc.

The information on which the trial was had and verdict and judgment thereon are all regular and in proper form. They sufficiently comply with the requirements of the law in every respect. The testimony for the state tends to prove that Alvin F. Brooks owned a number of hogs bearing his mark, which were at large in a swamp and that defendant drove two of them from the swamp to his home. He afterwards killed one and sold it to the butcher for eleven dollars. There is testimony, too, tending to prove that he cut an ear off of the other but this hog either got away or was turned out, for it returned to its owner in a few days. It seems defendant admits having taken one hog, killing it and selling it to the butcher, but says he did so through mistake. There was evidence given for him by a neighbor to the effect that he had sold defendant certain hogs.

running at large in the same swamp some of which answered the description and bore the same mark as that he is charged with having stolen. Indeed, the evidence was quite favorable to defendant's theory that he had made an honest mistake and taken the hog belonging to the prosecuting witness when he thought he was getting one he had purchased from his neighbor. This matter was fairly and squarely put to the jury, however, under instructions favorable to defendant and the issue was found against him as though he had stolen plaintiff's hog.

There is no error whatever in the instructions. They are as favorable to defendant as the law warrants and directed the jury that if they found the issue against him it was competent to convict under the information for either grand or petit larceny as the jury may believe the evidence and circumstances of the case justified. The jury was informed the law presumed defendant to be innocent of the offense charged against him and that this presumption attended him at all times, throughout the trial; that the burden of proof was on the state to prove him guilty of the offense and this, too, by the greater weight of the evidence and beyond a reasonable doubt; that if the jury entertained a reasonable doubt about any matter material to the issue they should give him the benefit of such doubt and acquit.

Defendant testified as a witness in his own behalf, denied having stolen the hog, related the circumstance of having purchased several hogs which he had never seen from his neighbor and said that he took plaintiff's hog as the result of an honest mistake, etc. In cross-examining the defendant, the prosecuting attorney was permitted, over the objections and exceptions of defendant's counsel, to ask if he had not theretofore been convicted of two separate misdemeanors; that is to say if he had not been convicted of the offense of assault and battery and carrying a concealed weapon. Defendant answered he had been convicted, he thought, of dis-

turbing the peace, but it might have been assault and battery, and had also been convicted upon the charge of carrying a pistol. From what appears in the record, we believe the appeal to this court was predicated wholly upon the fact that the court permitted the prosecuting attorney to ask and required the witness to answer these questions.

There can be no doubt of the general rule that when a defendant becomes a witness in his own behalf he is subject to impeachment the same as any other witness in the cause. [30 Am. and Eng. Ency. Law (2 Ed.), 1134, 1135, 1136; 5 Am. and Eng. Ency. Law (2 Ed.), 875; State v. McLain, 92 Mo. App. 456.] Indeed, our statute, section 4680, Revised Statutes 1899, section 4680, An. St. 1906, enacted in 1895, Laws of 1895, 284, provides "Any person who has been convicted of any offense, is, notwithstanding, a competent witness; but the conviction may be proved to affect his credibility, either by the record or his own cross-examination, upon which he must answer any question relevant to that inquiry, and the party cross-examining shall not be concluded by his answer." Though doubt was expressed in State v. Manning, 87 Mo. App. 78, as to whether or not the credibility of defendant in a criminal case might be attacked by showing a conviction for anything other than an infamous crime, it is now well settled that the statute quoted authorizes such inquiries as were made of defendant here. Under repeated decisions of our Supreme Court, it is competent to impeach a defendant who testifies in his own behalf by showing that he had theretofore been convicted of a misdemeanor and questions directed to such impeachment may be propounded in the cross-examination. [State v. Blitz, 171 Mo. 530, 71 S. W. 1027; State v. Thornhill, 174 Mo. 364, 74 S. W. 832; State v. Chappell, 179 Mo. 324, 78 S. W. 585.]

The record seems to be without error and the judgment should be affirmed. It is so ordered. All concur.